The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELLIE JEAN SADR AND ALI SADR, HUSBAND AND WIFE,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN D. ONEY, AN UNMARRIED INDIVIDUAL, AND OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, A FLORDIA CORPORATION,<br><br>Defendants.<br><br>JONATHAN D. ONEY,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>OLD REPUBLIC TITLE, LTD.,<br><br>Third-Party Defendant. | Case No. 2:24-cv-1445-BJR<br><br>**ORDER GRANTING OLD REPUBLIC TITLE, LTD'S MOTION FOR SUMMARY JUDGMENT** |

## I.     INTRODUCTION

This matter is before the Court on Third-Party Defendant Old Republic Title, Ltd.'s ("ORT") Motion for Summary Judgment, Dkt. No. 50, on Defendant/Third-Party Plaintiff Jonathan Oney's Third-Party Complaint, Dkt. No. 41. Having reviewed the materials and the relevant legal

**ORDER GRANTING** OLD REPUBLIC TITLE, LTD'S MOTION FOR SUMMARY JUDGMENT

- 1

1  authorities, the Court grants ORT's Motion for Summary Judgment. The reasoning for the Court's
2  decision follows.

### II. BACKGROUND

Around 2022, Oney sold a property in Covington, Washington ("the Property") to Plaintiffs Shellie Jean Sadr and Ali Sadr (jointly, "the Sadrs"). Oney Decl. ¶ 2, Dkt. No. 58. The Sadrs bring various claims against Oney, which are not presently before the Court, arising from Oney's alleged failure to disclose an easement ("the Easement") when he sold the Property. Amended Compl., Dkt. No. 21. Oney, in turn, brings third-party claims for negligence and legal malpractice against ORT, the corporation with whom Oney contracted with to provide an escrow agent to assist in preparing the statutory warranty deed ("the Deed") for sale of the Property. *See* Third-Party Compl. ORT now moves for summary judgment on Oney's third-party claims. Mot. Summ. Judgm.

### III. LEGAL STANDARD

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Acct. No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)); Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of identifying portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020). "If the moving party meets this burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion." *Id.* If the evidence proffered by the opposing party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

**ORDER GRANTING** OLD REPUBLIC TITLE, LTD'S MOTION FOR SUMMARY JUDGMENT
- 2

## IV.  DISCUSSION

Oney alleges that ORT is liable for negligence and legal malpractice based on the failure of its escrow agent/limited practice officer ("LPO") to comply with Washington Admission to Practice Rule ("APR") 12 in preparing the Deed for the Property. *See* Third-Party Compl. Oney asserts that ORT's LPO failed to comply with APR 12 when the LPO (1) included an unauthorized form as an attachment to the Deed, and (2) did not make certain required disclosures. Resp. at 5-12, Dkt. No. 57.

### A.  Limited Practice Under Washington Admission to Practice Rule 12

APR 12 creates an exception to the general rule that only licensed attorneys may practice law in Washington. APR 12(a). Pursuant to APR 12, individuals who meet certain requirements are considered LPOs. *Id.* LPOs are authorized "to select, prepare and complete legal documents incident to the closing of real estate and personal property transactions." *Id.*

#### 1.  Use of Unauthorized Form

APR 12(d) provides that an LPO's scope of practice is limited to the use of forms approved by the Limited Practice Board ("the Board"). *Id.* R. 12(d); *see also id.* R. 12(b) (explaining the role of the Board). Oney does not dispute that the LPO prepared the Deed using a Board-approved statutory warranty deed form. *See* Resp. at 5. However, Oney asserts that, in addition to the Board-approved form, the LPO also prepared "Exhibit A," a non-Board-approved form that listed encumbrances affecting the Property. *Id.* at 5-7. Citing to *Bishop v. Jefferson Title Co.*, 107 Wn. App. 833, 843 (2001), Oney contends that, by departing from the use of authorized forms, the LPO exceeded the scope of practice permitted under APR 12(d) and should be found liable for legal malpractice. *Id.* at 7-9.

**ORDER GRANTING** OLD REPUBLIC TITLE, LTD'S MOTION FOR SUMMARY JUDGMENT

- 3

ORT replies that its LPO was within her scope of practice when she attached Exhibit A to the Deed. Reply at 4-5, Dkt. No. 62. ORT asserts that each statutory warranty deed must be tailored for a given transaction, meaning that the LPO must fill in transaction-specific information. *Id.* ORT contends that the LPO's inclusion of Exhibit A was merely part of preparing and completing the form to tailor it to the specific transaction, as authorized by APR 12. *Id.* at 5. ORT further contends that Oney's legal malpractice claim fails because, in preparing Exhibit A, the LPO followed the given escrow instructions. Mot. Summ. Judgm. at 6-7

The duties and limitations of an escrow agent acting as an LPO "are defined . . . by his [or her] instructions." *Nat'l Bank of Washington v. Equity Invs.*, 81 Wn.2d 886, 910 (1973). The tasks in the instructions must be undertaken with "'ordinary skill and diligence, and due or reasonable care.'" *Id.* (quoting 30A C.J.S. Escrows § 8 (1965)). If an LPO exceeds the scope of APR 12 limited practice, however, the LPO is "required to meet the same standard of care as a licensed attorney," and may be liable for legal malpractice. *Bishop*, 107 Wn. App. at 843.

The Court agrees with ORT that its LPO did not exceed the permissible scope of practice of an LPO. Oney's reliance on *Bishop* is misplaced. In *Bishop*, the court concluded that the LPO could be liable for legal malpractice where

> [she] did more than enter objective data into standard, approved, form documents. Rather, she used unapproved documents that she did not understand, and she used designations and inserted language into documents that significantly affected the parties' obligations, without knowing or understanding the legal impact of the modified deed or attached Exhibit.

*Id.* at 845-46. Here, unlike in *Bishop*, the LPO used Exhibit A to enter objective data required by the Board-approved statutory warranty deed form. In preparing the form, the LPO was required to indicate whether the Property was conveyed "subject to" any encumbrances. *See* ORT Exh. D, Dkt. No. 51-1; APR 12(d). The fact that the LPO listed the encumbrances in a separate attachment rather

**ORDER GRANTING** OLD REPUBLIC TITLE, LTD'S MOTION FOR SUMMARY JUDGMENT

- 4

than within the four corners of the form is of no moment because the list was merely used to fill in information required by the Board-approved form. *See* ORT Exh. D. Additionally, it is undisputed that, in preparing Exhibit A, the LPO relied solely on the preliminary title commitment generated by Old Republic National Title Insurance Company ("ORNTIC"), a separate entity from ORT. *See id.*; Resp. at 2-3; Reply at 2-3; Oney Decl. ¶ 8 (explaining that Exhibit A to the Deed was a list of encumbrances prepared by ORT's LPO having the same list of easements as the title commitment). Unlike in *Bishop*, the LPO here did not substantively alter the title commitment. *Bishop*, 107 Wn. App. at 845-46; Oney Decl. ¶ 8.

Oney points out that the title commitment that the LPO relied upon in preparing the Deed erroneously omitted the Easement. Resp. at 5. However, the LPO's reliance on the title commitment generated by a separate entity does not give rise to a negligence or legal malpractice claim against ORT. Oney has not shown that ORT's LPO had a duty to identify any mistakes in the title commitment. Indeed, as part of the escrow instructions, Oney covenanted to ORT that the title commitment reflected all encumbrances affecting the Property:

> The commitment of Title Insurance, including the legal description of the property and all attachments, supplements and endorsements to that report, issued by Old Republic Title, Ltd. under order number 5216066359, are approved by me and made a part of these instructions by this reference. The seller warrants and represents that there are no encumbrances or liens affecting the property other than the encumbrances and liens shown in the commitment.

ORT Exh. F, Dkt. No. 51-1. Oney cannot now foist blame on ORT for his oversight. *Cf. Denaxas v. Sandstone Ct. of Bellevue, L.L.C.*, 148 Wn.2d 654, 664 (2003) (acknowledging that precedent "does not impose a duty on escrow agents to affirmatively identify differences between the closing documents and documents drafted by others"). Oney's claims of negligence and legal malpractice based on the LPO's use of an allegedly unauthorized form fail.

**ORDER GRANTING** OLD REPUBLIC TITLE, LTD'S MOTION FOR SUMMARY JUDGMENT
- 5

## 2. Failure to Provide Required Disclosures

APR 12(e)(2) provides that:

(2) The limited practice officer shall advise the clients of the limitations of the services rendered pursuant to this rule and shall further advise them in writing:

    (A) that the limited practice officer is not acting as the advocate or representative of either of the clients;

    (B) that the documents prepared by the limited practice officer will affect the legal rights of the clients;

    (C) that the clients' interests in the documents may differ;

    (D) that the clients have a right to be represented by lawyers of their own selection; and

    (E) that the limited practice officer cannot give legal advice as to the manner in which the documents affect the clients.

APR 12(e)(2).

It is undisputed that ORT's LPO advised Oney in writing about the items prescribed in APR 12(e)(2)(A) through (E). *See* ORT Exh. F. However, Oney argues that, in addition to the enumerated written disclosures, APR 12(e)(2) imposed a duty on the LPO to provide additional disclosures "to advise Oney of the limitations of the services rendered." Resp. at 7. In particular, Oney contends that the LPO had a duty to advise Oney that (1) Exhibit A modified the Board-approved statutory warranty deed form, and (2) an omission contained in Exhibit A "would result in dire consequences." *Id.* at 8-9. According to Oney, the LPO's failure to make these disclosures amounted to legal malpractice or at least negligence. *Id.* at 7-9.

The Court finds Oney's claim of negligence and legal malpractice based on the LPO's failure to make APR 12 disclosures meritless. As discussed *supra*, the LPO used Exhibit A to provide information required by the Board-approved statutory warranty deed form. *See* ORT

**ORDER GRANTING** OLD REPUBLIC TITLE, LTD'S MOTION FOR SUMMARY JUDGMENT

- 6

Exh. D. The LPO thus had no duty to advise Oney that Exhibit A modified the deed form. Further, as discussed *supra*, Oney has not shown that the LPO had a duty to affirmatively identify omissions in the title commitment prepared by ORNTIC that she relied on in preparing the Deed. *See* ORT Exh. F. Accordingly, the LPO had no corresponding duty to specifically advise Oney of omissions arising from the title commitment or their potential consequences. Since Oney has not raised any genuine issue of material fact regarding the LPO's duties or breach thereof, ORT is entitled to summary judgment on Oney's third-party claims.

## V.    CONCLUSION

For the foregoing reasons, Third-Party Defendant Old Republic Title, Ltd.'s Motion for Summary Judgment (Dkt. No. 50) is GRANTED.

DATED this 24th day of October 2025.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

**ORDER GRANTING** OLD REPUBLIC TITLE, LTD'S MOTION FOR SUMMARY JUDGMENT

- 7