The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELLIE JEAN SADR AND ALI SADR, HUSBAND AND WIFE,<br><br>Plaintiffs,<br><br>v.<br><br>JONATHAN D. ONEY, AN UNMARRIED INDIVIDUAL, AND OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, A FLORIDA CORPORATION,<br><br>Defendants. | Case No. 2:24-cv-1445-BJR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I.   INTRODUCTION

This matter is before the Court on the Motion for Partial Summary Judgment, Dkt. No. 61, filed by Plaintiffs Shellie Jean Sadr and Ali Sadr (jointly, "the Sadrs"). Having reviewed the materials and relevant legal authorities, the Court grants in part and denies in part the Sadrs' Motion for Partial Summary Judgment. The reasoning for the Court's decision follows.

## II.   BACKGROUND

This case arises from a real estate transaction between the Sadrs and Defendant Jonathan Oney. Around 2022, Oney sold a residential property (the "Property") to the Sadrs. Exh. 2, Dkt.

No. 64-2. The statutory warranty deed (the "Deed") for the Property conveyed two parcels of land: Parcel No. 3322069109 ("Parcel A") and Parcel No. 3222069144 ("Parcel B"). *Id.*

An attachment to the Deed, "Exhibit A," listed various exceptions, i.e., encumbrances, that the Property was taken "subject to." *Id.* Notably, neither the Deed nor Exhibit A explicitly referenced an easement created in 2014 (the "2014 Easement"). *See id.* The 2014 Easement provided Guy Knapp, the owner of the property adjoining Parcel B, with a "permanent, nonexclusive easement for ingress and egress along the East 30 feet of [Parcel B]." Exh. 3, Dkt. No. 64-3. The 2014 Easement also granted Knapp a "permanent, nonexclusive easement on [Parcel B] for the purpose of using it as a septic drain field" for his residence. *Id.*

Although the 2014 Easement was not explicitly listed in Exhibit A, that Exhibit listed a 2016 "Private Drive, Gate & Security Light Maintenance Agreement" (the "Private Drive Agreement"). Exh. 2. The Private Drive Agreement, in turn, referenced the 2014 Easement. Exh. 4, Dkt. No. 64-4. Specifically, the Private Drive Agreement stated,

> The owners of Tax Parcel 344412-0110 (currently not associated with this agreement) may be invited to be a part of this agreement if usage of the driveway begins. Currently, this parcel is not built upon, so there has not been any use of the driveway, *though an easement exists*.

*Id.*

After discovering the existence of the 2014 Easement, the Sadrs initiated this action. Compl., Dkt. No. 1-1. They assert claims for (1) breach of the statutory warranty deed, (2) fraudulent misrepresentation, (3) negligent misrepresentation, and (4) breach of contract, arising from Oney's alleged failure to disclose the 2014 Easement in the Deed. Amend. Compl., Dkt. No. 21. The Sadrs now move for partial summary judgment on the issue of liability for breach of the Deed's covenant against encumbrances. *See* Pls.' Mot.

**ORDER** GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

- 2

### III. LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014); Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of identifying portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657 (9th Cir. 2020). "If the moving party meets this burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion." *Id.* If the evidence proffered by the opposing party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

### IV. DISCUSSION

There are two issues before the Court. First, the parties dispute whether the Motion for Partial Summary Judgment should be denied in part because only one of the two parcels conveyed by the Deed is burdened by the 2014 Easement. Second, the parties dispute whether Oney breached the Deed's covenant against encumbrances by failing to explicitly reference the 2014 Easement in the Deed.

#### A. Whether Summary Judgment Should be Denied With Respect to Parcel A

Oney contends that summary judgment is inappropriate as to Parcel A because Parcel A is unburdened by the 2014 Easement. Def.'s Resp. at 6-7, Dkt. No. 63. The Sadrs do not dispute that Parcel A is unburdened by the Easement. *See* Pls.' Reply, Dkt. No. 67. The Sadrs assert, however,

**ORDER** GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

- 3

that the Court may nevertheless enter partial summary judgment on the issue of liability as to Parcel B, the encumbered parcel. *Id.* at 3-4.

Because Parcel A is unburdened by the easement, the Sadrs' requested relief is inappropriate as it pertains to Parcel A. However, the Court agrees with the Sadrs that it is not precluded from granting summary judgment on the issue of liability for breach of the covenant against encumbrances, as it pertains to Parcel B.

### B.  Whether Oney Breached the Covenant Against Encumbrances

The Sadrs contend that Oney breached the Deed's covenant against encumbrances when he conveyed the Property without explicitly listing the 2014 Easement as an exception in the Deed. Pls.' Mot. at 5. Oney responds that he did not breach the covenant against encumbrances because Exhibit A to the Deed sufficiently disclosed the 2014 Easement by referencing the 2016 Private Drive Agreement, which, in turn, referenced the 2014 Easement. Def.'s Resp. at 5-6.

As part of a conveyance of real property by statutory warranty deed, a grantor must covenant that, among other things, the title is free of encumbrances. *Mastro v. Kumakichi Corp.*, 90 Wn. App. 157, 162 (1998); *see also Hebb v. Severson*, 32 Wn.2d 159, 167 (1948) (identifying an easement as a type of encumbrance on real property). Usually, the words "subject to" are included in a deed to denote restrictions of record that the grantor intends to except from warranty of title. *See* 7 Thompson on Real Property § 60.03(a)(7) (2d Thomas ed. 2006); *Moore v. Gillingham*, 22 Wn.2d 655**,** 664 (1945) ("We conclude that the clause ['subject to'] did not negative the warranty, but merely limited its scope to such encumbrances as were not specifically excluded by the exceptions."). In construing a deed, the Court is required to carry out the intentions of the parties, and if the deed is amenable to more than one construction, "it must be construed most strictly

**ORDER** GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

- 4

against the grantor and most favorably to the grantee." *Beebe v. Swerda*, 58 Wn. App. 375, 379 (1990).

The reference to the 2016 Private Drive Agreement in the Deed was insufficient to except the 2014 Easement. The plain language of the Deed is unambiguous: the 2014 Easement is not listed as an exception. *See* Exh. 2. Nor can the existence of the Easement be reasonably inferred from the plain language of the Deed. Additionally, precedent does not support Oney's position that the Court may consider the language of the Deed together with the Private Drive Agreement. In *Moore v. Clarke*, the Washington Supreme Court recognized that a separate instrument referred to in a deed may aid in describing an easement. 157 Wn. 573, 581 (1930). However, the Court in *Moore* was clear that, to except an easement, a deed must contain language that directly mentions that easement. *See id.*

Moreover, even considering the Deed together with the Private Drive Agreement, the existence of the 2014 Easement cannot be reasonably inferred. The Private Drive Agreement contains no more than a passing reference to the Easement. *See* Exh. 4. A grantee cannot be expected to spend time examining a document pertaining to a particular easement in order to hunt for references to a separate easement. Finding no genuine dispute of material fact, the Sadrs are entitled to summary judgment on the issue of liability for breach of the covenant against encumbrances, as it pertains to Parcel B.

### V.     CONCLUSION

For the foregoing reasons:

1. Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 61) is GRANTED IN PART and DENIED IN PART.

2. The Motion is granted with respect to Parcel B, the encumbered parcel.

**ORDER** GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

- 5

3. The Motion is denied with respect to Parcel A, the unencumbered parcel.

DATED this 11th day of December 2025.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

**ORDER** GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

- 6